(C. D. 318)

EMPORIUM-CAPWELL Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 17, 1940)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before BROWN and KEEFE, Judges

BROWN, Judge: This suit against the United States was brought for the recovery of a tax paid as a customs duty at the rate of 5 cents per pound on the total weight of imported toilet soap under the provision in section 601 (c) (8) of the Revenue Act of 1932, as amended by section 701 of the Revenue Act of 1936, as follows:

* * * any article, merchandise, or combination (except oils specified in section 602½ of the Revenue Act of 1934, as amended), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or in section 602½ of the Revenue Act of 1934, as amended, a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such

section 602½ in respect of such product or products which the quantity by weight of the imported article, merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination  *  *  *.

The merchandise at bar is soap. It consists of, or is derived directly or indirectly from, tallow which is one of the products specified in section 601 (c) (8), the tax on which is 3 cents per pound, and cocoanut oil, which is one of the products specified in section 602½ of the Revenue Act of 1934, as amended, the rates on which are 3 cents plus 2 cents per pound, or a total of 5 cents per pound.

The protest claim relied on herein is that the rate of tax was improperly computed and should have been assessed only upon the proportionate amount of tallow and cocoanut oil present in the soap.

When the protest was called for trial counsel for the plaintiff offered in evidence the appraiser's report in answer to the protest. It was objected to by counsel for the Government on the ground that it contained conclusions of law, but was admitted by the judge presiding over such objection. While it is true that the report does contain conclusions of law, it nevertheless contains evidentiary facts distinguishable therefrom, and, being timely, will be considered only insofar as it sets forth such facts. It reads as follows:

The merchandise covered by this protest is invoiced as soap.

The soap was originally assessed at 5¢ per pound on the total weight, following Dept. T. D. 49161, which was later reversed by T. D. 49643, assessing on the proportionate amount of the taxable ingredients; therefore the last paragraph of the protest is well taken.

Tax should be assessed as follows: 313.360 kilos tallow at 3¢ per pound, and 45.360 kilos cocoanut oil at 5¢ per pound.

T. D. 49161 and T. D. 49643 are in part regulations prescribed by the Treasury Department for the administration of section 601 (c) (8), *supra.* In the former it was prescribed that the import tax imposed upon commodities produced with the use of a combination or mixture containing 10 per centum or more by weight of cocoanut oil, etc., should be taken on the basis of the full weight of the imported product at the full rate per pound specified with respect to such combination or mixture. In T. D. 49643 this procedure was modified so that the tax was directed to be imposed only on the basis of the weight of the portion consisting of or derived from cocoanut oil, etc. The latter regulation became effective some 2 months after the merchandise in issue was imported.

A careful reading of the statute indicates that the procedure prescribed in T. D. 49643 is not a literal compliance with the method of imposition of the tax set forth in section 601 (c) (8), *supra,* although the result with respect to the total tax imposed is the same as would

obtain had the statute been literally followed. Applied to the situation at bar, the statute directs that a tax shall be placed *on the article imported at a rate* equal to the proportion of the rate or rates imposed on the oil or tallow, as the case may be, which the weight of the oil or tallow bears to the total weight of the imported article. Since tallow is taxed at 3 cents per pound in the first part of section 601 (c) (8), *supra*, the proportion as to the tallow would be:

| 694 lbs. | : | 886 lbs. | : : | x | : | $0.03 |
|---|---|---|---|---|---|---|
| (Weight of tallow in imported article) | | (Total weight of imported article) | | (Rate to be applied to article) | | (Rate on tallow) |

When the mathematical computation is performed x=$0.02349, and the total tax on the 886 pounds by reason of the tallow content amounts to $20.82. The simpler method prescribed by the regulation arrives at the same result by merely multiplying the full rate imposed upon the tallow, $0.03, by the quantity of tallow contained in the soap, 694 pounds, but it will be noted that the statute prescribes that the tax shall be imposed at a rate to be applied to the imported article, which the simpler method fails to indicate.

So far as the cocoanut oil content of the imported soap is concerned, the proportion is:

$$100 \text{ lbs.} \quad : \quad 886 \text{ lbs.} \quad : : \quad x \quad : \quad \$0.05$$

which gives a rate of $0.00564 per pound.

Since the statute clearly sets forth the manner in which the rate of tax is to be computed, we are not warranted in proceeding in any other manner than that so specified. Judgment will therefore issue directing that the tax in question be taken on the soap in issue at the rate of $0.02349 per pound plus $0.00564 per pound under the provisions of section 601 (c) (8) of the Revenue Act, *supra*, as amended.