No. 59677.—Coty, Inc. v. United States, protest 188441–K (New York).

MOLLISON, Judge:   Counsel have stipulated and agreed in this case that—

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States as follows:

1.   That the merchandise in question herein consists of toilet soap which was assessed with tax at the rate of 0.0351915 cents per pound under Section 2491 (a) (c) of the Internal Revenue Code, as modified by the Trade Agreements published in T. D. 51649 and/or T. D. 51802, on a dutiable net weight of 24,262 pounds.

2.   That said rate of duty was computed by the Collector of Customs on the basis that the said soap was produced solely with the use of the following quantities and kinds of fats and oils:   75% Best Tallow, 23% Coconut Oil, and 2% Rosin.

3.   That the said soap in fact was not produced solely with the use of the said fats and oils but as imported contained 90.2% salts of fatty acids.   It also contained 9.8% moisture, fillers and other materials not provided for in the Internal Revenue Code; that 75% of said 90.2% salts of fatty acids was derived from Best Tallow, 23% was derived from Palm Kernel Oil, and 2% was derived from Rosin; that said Rosin or its salts is not provided for in the Internal Revenue Code; and that no Coconut Oil was used in the production of said soap.

4.   That the net weight of 24,262 pounds used in the liquidation of the entry is the correct net weight of the soap involved herein.

5.   That the above protest is abandoned as to Entry 714547 and said protest may be deemed to be submitted for decision upon this stipulation.

The protest having been abandoned with respect to entry 714547, it will be overruled to that extent, and judgment will issue accordingly.

Paragraphs 1 to 4, inclusive, of the stipulation, therefore, apply only with respect to the merchandise covered by entry 876637, the only other entry involved in the protest.

Various claims are made in the protest, and by amendment thereof, to the effect that an erroneous and excessive rate of tax under the provisions of the Internal Revenue Code of 1939 was applied to the merchandise at bar.

Sections 2490 and 2491 (c) of the Internal Revenue Code of 1939, as in force and effect at the time of importation of the merchandise here involved, imposed a tax or duty upon—

Any article, merchandise, or combination (except oils specified in section 2470), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or of the oils, fatty acids, or salts specified in section 2470, * * * at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such section 2470 in respect of such product

or products which the quantity by weight of the imported article. merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination, * * * .

with certain exceptions not material here.

According to the stipulation, the merchandise here involved is soap, 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one of the products specified in section 2491 (a), to wit, salts of fatty acids derived from tallow, and one of the salts specified in section 2470, to wit, salts of fatty acids derived from palm-kernel oil. It is true that the quantity of salts specified in the stipulation is not stated to be "by weight," nor does the stipulation state that such quantity "consists of" such salts, but it states that the soap, as imported, "contained" such quantity of salts.

Inasmuch, however, as the stipulation was prepared and signed by counsel familiar with the requirements of the law, and assuming that it was intended to effect a disposition of the matter and not to equivocate, we will accept the language of the stipulation as establishing that 90.2 per centum by weight of the imported soap consisted of salts of fatty acids and that 98 per centum of such 90.2 per centum of salts of fatty acids was derived from tallow and palm-kernel oil.

The tax on salts of fatty acids derived from tallow was, at the time of importation of the instant merchandise, 3 cents per pound. At the same time, the tax on salts of fatty acids derived from palm-kernel oil was also 3 cents per pound. The calculation of the tax applicable to the soap, therefore, proceeds as follows:

90.2 per centum of 24,262 pounds is 21,884.324 pounds, representing the total content of salts of fatty acids. However, 2 per centum of such total was derived from rosin, which is not a taxable product. Hence, 98 per centum of such total is 21,446.63752 pounds, which represents the total content of taxable salts of fatty acids.

The statutory proportion may be expressed as follows: The weight of taxable products in the imported article is to the net weight of the imported article as the rate to be applied to the imported article is to the rate prescribed in the code for the taxable products. See *Emporium-Capwell Co.* v. *United States*, 4 Cust. Ct. 179, C. D. 318.

Applying such formula to the merchandise at bar, the proportion is: 21,446.63752 : 24,262 :: x : $0.03. This results in a rate of $0.0265188 per pound applicable to the net weight of the imported soap.

Judgment will, therefore, issue sustaining the protest claims to that extent with respect to the merchandise covered by entry 876637. In all other respects and as to all other merchandise, the protest is overruled.